## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BRISTOL-MYERS SQUIBB COMPANY
430 East 29th Street
New York, NY 10016,

          Plaintiff,

   v.

KENNETH T. CUCCINELLI, Director
U.S. Citizenship and Immigration Services
20 Massachusetts Avenue, NW
Washington, DC 20529

LAURA B. ZUCHOWSKI, Director
U.S. Citizenship and Immigration Services
Vermont Service Center
75 Lower Welden Street
St. Albans, VT 05479,

          Defendants.

Civil Action No. 1:19-cv-03290

## **COMPLAINT**

### Introduction

1.    Plaintiff Bristol-Myers Squibb Company ("BMS") challenges the unlawful denial of its nonimmigrant petition (EAC-19-151-50690) seeking approval of H-1B classification on behalf of Ms. Szu Wei Huang under 8 U.S.C. § 1101(a)(15)(H).

2.    BMS is engaged in the discovery, development, licensing, manufacturing, marketing, distribution, and sale of pharmaceuticals and related health care products. BMS actively engages in a mission is to discover, develop, and deliver innovative medicines that help patients prevail over serious diseases. BMS possesses state-of-the-art facilities across the United States that provide high knowledge-based capabilities and services across multiple disciplines as part of the company's ongoing efforts in continuous process improvement.

3.      As described in its initial petition to U.S. Citizenship and Immigration Services

(hereinafter "USCIS" or "the Service"), BMS seeks to employ Ms. Huang in the role of IT

Auditor to provide strategic capabilities for delivering end-to-end process excellence and

innovation within the company's North America Capability Center. Classified in the

"Compliance Officers" occupation, of which Regulatory Affairs Specialist is a sub-classification

according to the U.S. Department of Labor taxonomy, the minimum requirements of the role

included "attainment of a bachelor's degree, or equivalent, in Business Analytics & Information

Systems." *See* Ex. A at BMS_H-1B_Record 036-037.

4.      On August 22, 2019, USCIS denied the H-1B petition, concluding that "[y]ou

have not demonstrated that any of the four criteria enumerated in 8 CFR, section

214.2(h)(4)(iii)(A), above, are present in this proceeding. As such, the evidence of record does

not establish that the job offered qualifies as a specialty occupation under section

101(a)(15)(H)(i)(b) of the Act." *See* Ex. A at BMS_H-1B_Record 168-176.

5.      The denial of the petition by USCIS runs counter to, and fundamentally

disregards, substantial evidence in the record. The decision is arbitrary and capricious and an

abuse of its discretion, and not in accordance with the law.

6.      Plaintiff BMS seeks an order overturning the denial and requiring USCIS to

adjudicate and approve its H-1B nonimmigrant petition.


**Jurisdiction and Venue**

7.      This is a civil action brought under 5 U.S.C. §§ 702, 704 of the Administrative

Procedure Act ("APA"). This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal

question subject matter jurisdiction) and 28 U.S.C. § 1361. This Court also has authority to grant

declaratory relief under 28 U.S.C. §§ 2201–02, and injunctive relief under 5 U.S.C. § 702, and 28 U.S.C. § 1361. The United States waives sovereign immunity under 5 U.S.C. § 702.

8.      Venue is proper under 28 U.S.C. § 1391(e)(1)(A) as a civil action brought against officers and agencies of the United States in their official capacities in the district where the Defendants reside.

## Parties

9.      Plaintiff BMS is a Delaware corporation headquartered in New York, NY.

10.     Defendant USCIS is a component of the U.S. Department of Homeland Security ("DHS"), 6 U.S.C. § 271, and an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). USCIS adjudicates petitions for immigration benefits, and denied the nonimmigrant petition BMS filed on behalf of Ms. Huang.

11.     Defendant Kenneth L. Cuccinelli is the Director of USCIS. He has ultimate responsibility for the denial of BMS's petition and is sued in his official capacity.

12.     Defendant Laura B. Zuchowski is the Director of the Vermont Service Center, and is sued in her official capacity. She leads the specific office within USCIS that adjudicated the petition.

## Legal Framework

13.     The Immigration and Nationality Act ("INA") provides H-1B classification for foreign nationals, in pertinent part, "coming temporarily to the United States to perform services… in a specialty occupation." 8 U.S.C. § 1101(a)(15)(H).

14.     A specialty occupation is a position that requires the theoretical and practical application of a body of highly specialized knowledge, and attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation. 8

U.S.C. § 1184(i)(1).

15.     DHS regulations define specialty occupation to mean "an occupation which requires theoretical and practical application of a body of highly specialized knowledge in fields of human endeavor including, but not limited to, architecture, engineering, mathematics, physical sciences, social sciences, medicine and health, education, business specialties, accounting, law, theology, and the arts, and which requires the attainment of a bachelor's degree or higher in a specific specialty, or its equivalent, as a minimum for entry into the occupation in the United States." 8 C.F.R. § 214.2(h)(4)(ii).

16.     Implementing regulations at 8 C.F.R. § 214.2(h)(4)(iii)(A) further provide that a position will satisfy the statutory definition of specialty occupation if it meets one of the following criteria:

- A baccalaureate or higher degree or equivalent is normally the minimum requirement for entry into the particular position;
- The degree requirement is common in industry in parallel positions among similar organizations or, in the alternative, an employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree;
- The employer normally requires a degree or equivalent for the position; or
- The nature of specific duties are so specialized and complex that knowledge required to perform the duties is usually associated with attainment of a baccalaureate or higher degree.

17.     To perform services in a specialty occupation, a beneficiary must, *inter alia*, hold

a U.S. bachelor's or higher degree from an accredited college or university (or a foreign degree determined to be equivalent) as required by the specialty occupation. 8 C.F.R. § 214.2(h)(4)(iii)(C).

### Factual Allegations

18.     USCIS accepted an H-1B nonimmigrant petition filed by Plaintiff on behalf of beneficiary Ms. Szu Wei Huang on April 11, 2019.

19.     Ms. Huang has been employed by BMS in the proffered role of IT Auditor since May 2018. She is authorized to work in the United States through May 20, 2021, pursuant to an Extension of her Optional Practical Training Employment Authorization Card. *See* Ex. A at BMS_H-1B_Record 166-167.

20.     Ms. Huang earned a Master of Science degree in Business Analytics and Information Systems from University of South Florida in May 2018. Ms. Huang also holds a Master of Business Administration degree in Supply Chain Management awarded in May 2018 and a Bachelor of Science degree in Management awarded in December 2014, also from the University of South Florida.

21.     As the Plaintiff described in its initial letter of support, the position of IT Auditor entails a range of duties that supports the company's internal and external audit and compliance controls to ensure compliance with industry and company standards. This includes responsibility over security compliance, assessment and review of external suppliers within the IT department, ensuring internal controls are implemented and maintained as well as participating in internal processes for audits. *See* Ex. A at BMS_H-1B_Record 036-037.

22.     USCIS issued a Request for Evidence ("RFE") on May 20, 2019, and called for additional evidence that the position offered to the beneficiary meets the requirements for a

specialty occupation. *See* Ex. A at BMS_H-1B_Record 112-117.

23.     Plaintiff submitted its timely response on August 13, 2019, and, along with substantial evidence documenting the "specialty occupation" nature of the position, attached a support letter from Katherine Russaw Horton, Senior EEO/AA Specialist/Paralegal HR Law with BMS. This letter provided highly detailed explanations of the beneficiary's proposed day-to-day job duties and the company's minimum requirements for the role, and tied these requirements to both the Regulatory Affairs Specialist occupation generally and the company's specific needs for this particular role. *See* Ex. A at BMS_H-1B_Record 119-128.

24.     The Employer Response Letter elaborates that, as a large portion of an IT Auditor's responsibilities "relates to both internal and external regulatory compliance, this position is most closely linked to the position of Regulatory Affairs Specialist." Id. at 121.

25.     The Employer Response Letter states, "IT Auditors evaluate the adequacy and effectiveness of the organization's IT systems and internal controls against policies and regulations ensuring internal and external regulatory compliance of [a] company's IT systems." Id. The Employer Response Letter also clarifies that the proposed position is responsible for ensuring that the IT functions of BMS, a Fortune 500 company with thousands of employees worldwide using IT systems on a daily basis, conform with both internal company standards and external legal and regulatory controls imposed by various government agencies worldwide. Id. Further, the Employer Response Letter confirmed that the beneficiary would be responsible "for security compliance with industry and company standards executing a dynamic risk-based audit plan that identifies value-added recommendations to enhance Company processes and controls. The IT Auditor/Regulatory Affairs Specialist will work in a team environment to audit IT activities including general computer controls, system and data security, outsourcing partners,

pre- and post- application implementations, social media, cloud computing, mobile devices and emerging and changing risks. Audits include leveraging data visualization tools in the planning, execution and reporting phases to drive efficiencies and effectiveness." <u>Id.</u> at 122-23.

26.     Plaintiff also provided a highly detailed breakdown of the beneficiary's proposed duties, showing their inherent complexity.

27.     Plaintiff also provided a list of employees in similar roles at BMS, all of whom possess the highly specific background in Computer Science or Information Systems required by the Plaintiff for the role.

28.     Plaintiff submitted the following documentation, uncontroverted by Defendants, as evidence of the specialized nature of the role:

- An O*Net summary report for Regulatory Affairs Specialists;

- Two independent career resource websites confirming that the position is one which normally requires a specific bachelor's degree, or equivalent; and

- Five job postings for similar roles at similar employers, all of which also include minimum requirements similar to those of Ms. Huang's position.

29.     USCIS ultimately denied Plaintiff's petition on August 22, 2019. Focusing entirely on the position's stated day-to-day duties as described in the initial support letter (rather than any of the more detailed explanations included in response to the Request for Evidence), the denial concludes that Plaintiff did not establish the eligibility of the proffered position under any of the four "specialty occupation" factors enumerated by regulation at 8 C.F.R. § 214.2(h)(4)(iii)(A). *See* Ex. A at BMS_H-1B_Record 175.

30.     Defendants failed to accord any evidentiary weight to the statements in Plaintiff's Employer Response Letter, notwithstanding the fact that Defendants had no basis to find such statements not credible. Defendants also stated that "[d]ue to the lack of detail in the description" provided by BMS, "it cannot be determined that these duties would require the theoretical and practical application of a body of highly specialized knowledge . . ." Id. This characterization of Plaintiff's response is patently untrue as Plaintiff provided robust detail regarding the job description.

31.     Defendant's failure to accord evidentiary weight to the statements in the Employer Response Letter is patently inconsistent with the agency's own precedent, Matter of Treasure Craft of California, 14 I. & N. Dec 190 (Reg. Comm. 1972), which affirms that a petitioner's statement should only be rejected when it is contradicted by other evidence in the record.

32.     Defendants also failed to accord appropriate evidentiary weight to the documentation from InfoSec Institute, claiming that "…no evidence was provided" to support the assertion by InfoSec Institute that a typical degree requirement for an IT Auditor is a Bachelor of Science in Computer Information Systems, Computer Science and related disciplines. See Ex. A at BMS_H-1B_Record 172. However, the documentation from InfoSec Institute is itself, inherently credible evidence, as InfoSec Institute is an organization that provides special certification to IT Auditors. See Ex. A at BMS_H-1B_Record 150-156. The documentation from InfoSec Institute confirms that IT Auditors typically have degrees in Computer Information Systems, Computer Science and related disciplines. Id.

33.     Defendants attacked the documentation provided by Plaintiffs from Learning Path because, according to Defendants, the fields of study provided in the Learning Path

documentation are impermissibly broad. *See* Ex. A at BMS_H-1B_Record 172. However, the Learning Path documentation clearly states "A thorough understanding of both business and information technology is commonly required." *See* Ex. A at BMS_H-1B_Record 126. Defendant's attack on the material from Learning Path is misplaced, as it clearly states that an employer may prefer that an applicant hold a master's degree in a subject like information systems.  This statement completely supports and validates BMS's typical requirements. That the information from Learning Path also states an employer may prefer a candidate with a degree in the field of Business Administration is completely irrelevant to Plaintiff's typical requirements for the position.

34.     Defendants also failed to respond to applicable judicial precedent supporting the impermissibility of Defendants' interpretation of the specialty occupation regulation to require a degree in one "specific specialty."  Defendants state that "the reasoning underlying a district judge's decision will be given due consideration when submitted, along with the evidence of record." *See* Ex. A at BMS_H-1B_Record 172. Yet the denial contained no consideration whatsoever of the judges' reasoning in the cases cited by Plaintiffs.

35.     Defendant USCIS has granted H-1B petitions filed by Plaintiff BMS for the position of IT Auditor on numerous prior occasions, most recently several days before it issued the denial of the petition filed on behalf of Ms. Huang. USCIS did not provide any explanation as to why the agency has changed its view on the qualification of the position of IT Auditor as a specialty occupation.

36.     This denial leaves Ms. Huang at risk of losing her work authorization upon the expiration of her Employment Authorization Card.

37.     Unless the Court vacates the denial of BMS's petition, the company will likely

lose the services of a valuable employee in the United States.

## Exhaustion

38.     The August, 2019, denial by USCIS of BMS's petition constitutes a final agency action under the APA, 5 U.S.C. § 704. Neither the INA nor DHS regulations at 8 C.F.R. § 103.3(a) require administrative appeal of the denial.

39.     Under 5 U.S.C. §§ 702 and 704, BMS has suffered a "legal wrong" and has been "adversely affected or aggrieved" by agency action for which there is no adequate remedy at law.

## CAUSE OF ACTION

## COUNT I

## Administrative Procedure Act Violation (5 U.S.C. § 706)

40.     Plaintiff incorporates the allegations set forth in the preceding paragraphs.

41.     Defendants' denial of the Plaintiff's nonimmigrant petition constitutes final agency action that is arbitrary, capricious, an abuse of discretion, and not in accordance with the law.

42.     No rational connection exists between the conclusions asserted by USCIS in its denial and the facts in the record.

## REQUEST FOR RELIEF

The Plaintiff requests that this Court grant the following relief:

1.     Declare the Defendants' denial of BMS's H-1B petition is unlawful.

2.     Vacate the denial and order Defendants to promptly approve the nonimmigrant petition.

3.     Award Plaintiff its costs in this action; and

4.     Grant any other relief that this Court may deem proper.

Dated: October 31, 2019                 MORGAN, LEWIS & BOCKIUS LLP


                                        By:/s/ Eleanor Pelta
                                            Eleanor Pelta (DC Bar No. 418076)
                                            eleanor.pelta@morganlewis.com


                                        1111 Pennsylvania Avenue, NW
                                        Washington, DC  20004
                                        Telephone:       +1.202.739.3000
                                        Facsimile:       +1.202.739.3001

                                        Attorneys for Plaintiff